IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JESSIE PEARSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 5:05-cv-00660-HGD |
| | ) |
| DAVID McNAIR, et. al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF OPINION**

Jamie Ray, an inmate at the Tallapoosa County Jail, has filed a *pro se* civil action in which he complains about the lack of medical care he has received at the Tallapoosa County Jail. District courts are to construe claims made by *pro se* plaintiffs in a liberal fashion. Applying such a standard of review in this case, the claims against the defendants in this action appear to be grounded in the Eighth and/or Fourteenth Amendments to United States Constitution. As such, same shall be construed as a civil rights case pursuant to 42 U.S.C. § 1983.

Since plaintiff's complaint involves matters of constitutional law, venue is not proper in the Northern District of Alabama. Proper venue for the civil rights action mentioned is governed by 28 U.S.C. § 1391(b), the general venue statute applicable to federal district courts, which reads:

> A civil action wherein jurisdiction is not founded solely upon diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiff is housed at Tallapoosa County Jail in Dadeville, Alabama. Further, all defendants are located in Tallapoosa County, Alabama. All actions giving rise to this complaint occurred in Dadeville, Alabama. Tallapoosa County is within the purview of the United States District Court for the Middle District of Alabama. *See* 28 U.S.C. § 81(b)(3). Therefore, because all defendants are located in the Middle District and the incidents giving rise to plaintiff's complaint occurred in that district, only the United States District Court for the Middle District of Alabama provides the proper venue for plaintiff's civil rights action. 28 U.S.C. § 1391(b).

For the above reasons, transfer of plaintiff's civil rights action to the Middle District of Alabama would result in a more convenient and efficient resolution of the issues presented by plaintiff. 28 U.S.C. § 1404(a). Therefore, this action is due to be

TRANSFERRED to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1404(a).[1]

An appropriate order shall be entered.

The Clerk is DIRECTED to serve a copy of this Memorandum of Opinion on plaintiff.

DONE this 21st day of April, 2005.

                                       HARWELL G. DAVIS, III
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that plaintiff has filed an application to proceed *in forma pauperis* along with his complaint. However, in light of the April 1996 revisions to 28 U.S.C. § 1915 and under the circumstances of this case, this Court makes no determination with respect to any deficiencies in the plaintiff's indigency application as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Middle District of Alabama.